BADIAK & WILL, LLP
Attorneys for Plaintiff
106 Third Street
Mineola, New York 11501-4404
(516) 877-2225
Our Ref.: 07-H-201-AW

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
FIREMAN'S FUND INSURANCE
COMPANY, a/s/o TRANS-LUX CORPORATION,

                           Plaintiff,                    **COMPLAINT**

    -against-

CONCORDIA INTERNATONAL FORWARDING
CORP., and SINGAPORE AIRLINES,

                           Defendants.
------------------------------------------------------------X



      Plaintiff, FIREMAN'S FUND INSURANCE COMPANY a/s/o TRANS-LUX CORPORATION, complaining of the defendants, CONCORDIA INTERNATIONAL FORWARDING CORP., and SINGAPORE AIRLINES, by its attorneys BADIAK & WILL, LLP, set forth and allege to this Court on information and belief as follows:

      1.     There is Federal question subject matter jurisdiction as the claim arises under a treaty of the United States, specifically the Convention for the Unification of Certain Rules Relating to International Transportation by Air, 49 Stat. 3000, T.S. No. 876 (1934), reprinted in note following 49 U.S.C. Sec. 1502 (the "Warsaw Convention"), and certain amendments thereto. Plaintiff seeks recovery for cargo loss and damage caused by defendants' breaches of contract and torts.

      2.     At and during all the times hereinafter mentioned, the Plaintiff, FIREMAN'S FUND INSURANCE COMPANY, was and still is a corporation duly

organized and existing under and by virtue of the laws of one of the States of the United States of American with an office and place of business at Chase Manhattan Plaza, County of New York, State of New York.

3.  Plaintiff was the insurer of the said shipment of cargo, was obligated under its policies of insurance to pay, and did make payment to is assured, for loss and damage to the said shipment while in the transit, and would be or otherwise became subrogated to the rights of its assureds, against third-parties, including the defendants, for the loss and damage sustained, and it is entitled to maintain this action, and brings this action on its own behalf and on behalf of all parties who may be entitled.

4.  At and during all the times hereinafter mentioned, the Defendant, CONCORDIA INTERNATIONAL FORWARDING CORP., hereinafter referred to as "CONCORDIA", was and is a corporation with an office and place of business at 70-E Sunrise Highway, Valley Stream, New York, and is engaged in business as a common carrier and forwarder of freight by air for hire.

5.  On or about July 20, 2005, there was delivered to the Defendant CONCORDIA at JFK International Airport, as a common carrier and forwarder a shipment consisting of eight (8) packages containing technical equipment valued at $140,000.00 in good order and condition and the Defendant, CONCORDIA, agreed to transport and carry said shipment to India under house air waybills 2152681 and 2152671 and air waybills 618-90177496 and 618-90177485, there to be delivered to order of the Plaintiff's insureds and/or agents, all in consideration of freight charges paid or agreed to be paid.

6. On or about July 24, 2005, when the flight arrived in India, the Defendant, CONCORDIA, delivered the aforementioned shipment, in bad order and condition, to order of Plaintiff's insureds and/or its agents, all in violation of said defendant's obligations and duties as a common carrier and forwarder of merchandise by air for hire.

7. Plaintiff is the insurer for the shippers, purchasers, consignees and owners of said shipment and are entitled to maintain this action on its own behalf or on behalf of any party who is, or who may become of interest.

8. That on or about July 24, 2005, due solely to the negligence, breach of contract and bailment of the defendant, CONCORDIA, said defendant delivered the shipment to the plaintiff and/or its insured and/or agents, in a damaged and depreciated condition.

9. That no acts or negligence on the part of the plaintiff contributed to the loss herein.

10. All conditions precedent required of the plaintiff and its predecessors in interest in said shipment have been performed.

11. By reason of these premises, the plaintiff has sustained damages in the amount of $88,105.38, no part of which has been paid although duly demanded.

## FOR A SECOND CAUSE OF ACTION AGAINST SINGAPORE AIRLINES

12. Repeats and realleges each and every allegation contained in paragraphs "1" thru "11" of this Complaint with the same force and effect as if herein set forth in full.

13. At and during all the times hereinafter mentioned, the Defendant, SINGAPORE AIRLINES (SIA CARGO), was and now is a foreign corporation with an office and place of business at Cargo Bldg., 11, JFK International Airport, Jamaica, New York, County of Queens, State of New York.

14. On or about July 20, 2005, the Plaintiff, delivered the aforesaid shipment in good order and condition into the care, custody and control of the defendant, SIA CARGO for delivery to the order of the Plaintiff's insureds and/or its agents, under bills of lading 61890177485 and 61890177496 to India.

15. On or about July 20, 2005, there was delivered to the Defendant SINAGOPRE AIRLINES, at JFK Airport, as an air common carrier of a shipment consisting of eight (8) packages containing technical equipment valued at $140,000.00, in good order and condition and the Defendant SIA CARGO agreed to transport and carry said shipment to India under house air waybills 2152681 and 2152671 and air waybills 618-90177496 and 61890177485, there to be delivered to order of the Plaintiff's insureds and/or its agents all in consideration of freight charges paid or agreed to be paid.

16. On or about July 24, 2005, said shipments arrived at the destination airport in India, but the Defendant SIA CARGO delivered the aforementioned shipment, in bad order and condition, to order of Plaintiff's insureds and/or its agents, all in violation of said defendant's obligations and duties as a common carrier of merchandise by air for hire.

17. That on or about July 24, 2005, due solely to the negligence, breach of contract and bailment of the defendant, said Defendants delivered the shipment to the Plaintiff and/or its agents, in a damaged and depreciated condition.

18. That no acts or negligence on the part of the Plaintiff contributed to the loss herein.

19. By reason of these premises, the Plaintiff has sustained damages in the sum of $88,105.38, no part of which has been paid, although duly demanded.

**WHEREFORE**, Plaintiff demands judgment against the Defendants in the sum of $88,105.38, together with interest and costs of this action.

DATED:   Mineola, New York
         June 12, 2007

Yours, etc.,

BADIAK & WILL, LLP
Attorneys for Plaintiff
106 Third Street
Mineola, New York 11501-4404
(516) 877-2225
Our Ref.: 07-H-201-AW

By: _____
ALFRED J. WILL (AJW-2485)