C:\DOCUMENTS AND SETTINGS\MHARTMAN\LOCAL SETTINGS\TEMPORARY INTERNET FILES\OLK14\5222ANS1.DOC

KENNEDY LILLIS SCHMIDT & ENGLISH
Craig S. English
75 Maiden Lane – Suite 402
New York, N.Y. 10038-4816
Telephone: 212-430-0800
Telecopier: 212-430-0810
Attorneys for Defendant
CONCORDIA INTERNATIONAL FORWARDING CORP.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FIREMAN'S FUND INSURANCE COMPANY, a/s/o TRANS-LUX CORPORATION, <br><br> Plaintiff, <br><br> - v. - <br><br> CONCORDIA INTERNATIONAL FORWARDING CORP., and SINGAPORE AIRLINES, <br><br> Defendants. | 07 Civ. 5813 (DC) <br><br> <u>DEFENDANT CONCORDIA INTERNATIONAL FORWARDING CORP.'S ANSWER TO COMPLAINT</u> |

Defendant, Concordia International Forwarding Corp. ("Concordia"), by its attorneys, Kennedy Lillis Schmidt & English, as and for its answer to the plaintiff's complaint, states upon information and belief the following:

<u>ANSWERING THE FIRST CAUSE OF ACTION</u>

1. Defendant Concordia admits this Court has jurisdiction pursuant to 28 U.S.C. 1331 over the subject matter of this action. Except as so admitted, defendant Concordia

1

denies the remaining allegations contained in paragraph 1 of the complaint.

2. Defendant Concordia denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph 2 of the complaint.

3. Defendant Concordia denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph 3 of the complaint.

4. Defendant Concordia admits the allegations contained in paragraph 4 of the complaint.

5. Defendant Concordia admits that on or about July 20, 2005 it received eight (8) packages said to contain equipment, then in apparent external good order and condition for transportation to India pursuant to house air waybills 215261 and 2152671 in consideration of freight charges paid and agreed to by the parties, but except as so admitted, Defendant Concordia denies all other allegations contained in paragraph 5 of the complaint.

6. Defendant denies the allegations contained in paragraph 6 of the complaint.

7. Defendant denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph 7 of the complaint.

8. Defendant denies the allegations contained in paragraph 8 of the complaint.

9. Defendant denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph 9 of the complaint.

10. Defendant denies the allegations contained in paragraph 10 of the complaint.

11. Defendant denies the allegations contained in paragraph 11 of the complaint.

ANSWERING THE SECOND CAUSE OF ACTION

12. Defendant repeats and realleges each of the foregoing admissions and denials of the allegations contained in paragraphs 1 through 11 of the complaint as if fully set forth at length herein.

13. No response is required by Defendant Concordia, as the allegations contained in paragraph 13 are not directed to the answering party.

14. No response is required by Defendant Concordia, as the allegations contained in paragraph 14 are not directed to the answering party.

15. At JFK Airport, on or about July 20, 2005, Defendant Concordia admits that it delivered to Defendant SIA and SIA agreed to transport and carry eight (8) packages, said to contain equipment then in good order and condition, to India pursuant to air waybills 618-90177496 and 618-90177485 for delivery to Concordia's agent Jeene & Co., but except as so admitted, defendant Concordia denies knowledge or information sufficient to form a belief as to the truth of the matters contained in the remaining allegations of paragraph 15 of the complaint.

16. No response is required by Defendant Concordia, as the allegations contained in paragraph 16 are not directed to the answering party.

17. No response is required by Defendant Concordia, as the allegations contained in paragraph 17 are not directed to the answering party.

18. Defendant denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph 18 of the complaint.

19. Defendant denies the allegations contained in paragraph 19 of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

20. The complaint fails to state claims upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

21. The plaintiff's claims arise under and are governed exclusively by the Warsaw Convention as amended at the Hague, 1955 ("Warsaw-Hague"), pursuant to which the defendant's liability is excluded or limited.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

23. All services performed by the defendant with respect to the cargo were undertaken pursuant to the terms of Warsaw-Hague, defendant's air waybill, tariff and/or service guide in effect on the date of the shipment, pursuant to which the defendant's liability is excluded or limited.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

25. To the extent that the plaintiff seeks to assert a claim for alleged damage to the Cargo, such claim is barred for failure of the person entitled to delivery to have made a complaint in writing at the latest within fourteen days from the

date of his or her disposal or her receipt of the Cargo, as required by Article 26 of the Warsaw-Hague.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

26. If plaintiff's subroger sustained damage as alleged in the complaint, Concordia is without liability therefore because Concordia and its agents took all necessary measures to avoid the damage, or it was impossible for it or them to take such measures.

### AS AND FOR A CROSSCLAIM

27. If Plaintiff sustained any damages as alleged in the complaint, which is denied, then such damages were due to the sole or active or primary fault and/or neglect of Singapore Airlines, without any fault and/or neglect a on the part of Concordia contributing thereto.

28. Alternatively, If Plaintiff sustained any damages as alleged in the complaint, which is denied, then such damages were contributed to by the fault and/or neglect of Singapore Airlines.

29. By reason of the foregoing, if a judgment is entered against Concordia herein, Concordia is entitled to indemnity (including reasonable counsel fees in the defense of this action) for, or contribution to the extent of Singapore

Airlines fault to, all such sums as may be awarded in favor of plaintiff as against Concordia.

WHEREFORE, Defendant Concordia demands judgment dismissing the complaint together with the costs and disbursements of this action.

Dated:  New York, New York         KENNEDY LILLIS SCHMIDT & ENGLISH
        August 1, 2007             Attorneys for Defendant
                                   CONCORDIA INTERNATIONAL
                                     FORWARDING CORP.

                              By: _____
                                   Craig S. English
                                   75 Maiden Lane - Suite 402
                                   New York, New York  10038-4816
                                   Telephone:  212-430-0800

TO:  BADIAK & WILL, LLP
     Attorneys for Plaintiff
     106 Third Street
     Mineola, New York  11501-4404
     Telephone:  (516) 877-2225
     Attention:  Alfred J. Will, Esq. (AJW-2485)
     Ref.: 07-H-201-AW