UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| FIREMAN'S FUND INSURANCE COMPANY a/s/o TRANS-LUX CORPORATION, | : : : | Civil Action No. 07 Civ. 5813 (DC) |
| Plaintiff, | : : | |
| - against - | : : | |
| CONCORDIA INTERNATIONAL FORWARDING CORP. and SINGAPORE AIRLINES, | : : : : : | **ANSWER OF DEFENDANT SINGAPORE AIRLINES, LTD. WITH CROSS-CLAIMS** |
| Defendants. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Defendant SINGAPORE AIRLINES, LTD. ("SINGAPORE"), by and through its attorneys Condon & Forsyth LLP, for its Answer to the Complaint, alleges upon information and belief:

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint. Defendant SINGAPORE further states that it leaves all questions of law to be decided by the Court.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 2 through 11 inclusive of the Complaint.

**AS TO THE SECOND CASUE OF ACTION**

3. Answering paragraph 12 of the Complaint, defendant SINGAPORE repeats, reiterates and realleges each and every denial in paragraphs 1 and 2 of this Answer with the same force and effect as if herein set forth in full.

4. Denies the allegations in paragraph 13 of the Complaint except admits that SINGAPORE is a foreign corporation organized and existing under and by virtue of the laws of the Republic of Singapore.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 14, 15 and 18 of the Complaint.

6. Denies the allegations in paragraphs 16, 17 and 19 of the Complaint.

## AS AND FOR A FIRST
## AFFIRMATIVE DEFENSE

7. The transportation out of which the subject matter of this action arose was "international" transportation within the meaning of the Convention for Unification of Certain Rules Relating to International Transportation by Air, October 12, 1929, 49 Stat. 3000 (1934), T.S. No. 876, 137 L.N.T.S. 11, *reprinted in* 49 U.S.C. § 40105 (note) (1997), as amended by the Protocol done at the Hague on September 8, 1955 (the "Warsaw Convention"), and the rights of the parties to this litigation are governed by the provisions of said Warsaw Convention.

8. Pursuant to Article 26 of the Warsaw Convention and defendant SINGAPORE's conditions of carriage, plaintiff's action is barred because, upon information and belief, plaintiff failed to dispatch timely written notice to defendant of the damages alleged in the Complaint.

## AS AND FOR A SECOND
## AFFIRMATIVE DEFENSE

9. Defendant repeats, reiterates and realleges each and every allegation in paragraph 7 of this Answer with the same force and effect as if herein set forth in full.

10. Pursuant to Article 22 of the Warsaw Convention and SINGAPORE's conditions of carriage, the liability of defendant SINGAPORE, if any, is limited.

## AS AND FOR A THIRD
## AFFIRMATIVE DEFENSE

11. Defendant repeats, reiterates and realleges each and every allegation in paragraph 7 of this Answer with the same force and effect as if herein set forth in full.

12. Pursuant to the relevant Articles of the Warsaw Convention, as well as SINGAPORE's General Conditions of Carriage, defendant SINGAPORE is not liable to plaintiff or, in the alternative, SINGAPORE's liability is limited.

### AS AND FOR A FOURTH
### AFFIRMATIVE DEFENSE

13. The alleged damages complained of were caused by the direct and proximate negligence of other parties, their agents or employees or by others unknown at this time over whom defendant SINGAPORE had no control at any time relevant hereto, and in the event SINGAPORE is found liable to plaintiff, which liability is expressly denied, SINGAPORE will be entitled to indemnification, contribution or apportionment of liability pursuant to applicable law.

### AS FOR A FIFTH
### AFFIRMATIVE DEFENSE

14. The Complaint fails to state a cause of action upon which relief can be granted.

### AS AND FOR A FIRST CROSS-CLAIM
### AGAINST CONCORDIA INTERNATIONAL FORWARDING CORP.

15. Any loss or damage sustained as alleged in the Complaint was caused solely by reason of the negligence or culpable conduct of CONCORDIA INTERNATIONAL FORWARDING CORP. ("CONCORDIA") without any negligence or culpable conduct on the part of SINGAPORE contributing thereto. If plaintiff recovers a judgment against SINGAPORE for the loss or damages alleged in the Complaint, such liability will have been brought about or caused solely by the careless, negligent or culpable acts or omissions of CONCORDIA, its agents, servants or employees, and SINGAPORE is therefore entitled to full indemnity from

CONCORDIA in an amount equal to the total sum of any such judgment, together with costs and disbursements of the within action.

### AS AND FOR A SECOND CROSS-CLAIM
### AGAINST CONCORDIA INTERNATIONAL FORWARDING CORP.

16.    If plaintiff recovers a judgment against SINGAPORE for the loss or damage alleged in the Complaint, such liability will have been brought about and caused, in part, by the careless, negligent or culpable acts or omissions of CONCORDIA, its agents, servants, or employees, and SINGAPORE is therefore entitled to contribution from CONCORDIA in accordance with CONCORDIA's relative culpability for plaintiff's injuries.

WHEREFORE, defendant SINGAPORE AIRLINES, LTD. demands judgment dismissing the Complaint in its entirety or, alternatively, judgment limiting its liability as aforementioned, together with costs, disbursements and such other and further relief as this Court deems just and proper.

CONDON & FORSYTH LLP

By _____
Stephen J. Fearon (SF 8740)
A Partner of the Firm
7 Times Square
New York, New York 10036
(212) 490-9100
Attorneys for Defendant
SINGAPORE AIRLINES, LTD.

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK    )
                     ) ss:
COUNTY OF NEW YORK   )

Samia Flecha, being duly sworn, deposes and says that deponent is not a party to the action, is over 18 years of age and resides in Weehawken, New Jersey. That on the 7th day of August, 2007 deponent served the within **ANSWER OF DEFENDANT SINGAPORE AIRLINES, LTD. WITH CROSS-CLAIMS** upon:

| | |
|---|---|
| Craig Shaw English, Esq.<br>Kennedy Lillis Schmidt & English<br>75 Maiden Lane<br>New York, New York 10038 | Alfred J. Will, Esq.<br>Badiak & Will, LLP<br>106 Third Street<br>Mineola, New York 11501-4404 |

at the addresses designated by said attorneys for that purpose by depositing same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

_____
Samia Flecha

Sworn to before me this
7th day of August, 2007

_____
Notary Public

MARY ANN ROONEY
NOTARY PUBLIC, State of New York
No. 31-4672706
Qualified in Queens County
Commission Expires May 31, 2010